This memorandum opinion was not selected for publication in the New Mexico Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**EKER BROTHERS, INC.,**

     Plaintiff-Counterdefendant/
     Appellant,

**v.**                                             **NO. 30,245**

**JOHN G. REHDERS,**
**GENERAL CONTRACTOR, INC.,**

     Defendant-Counterclaimant/
     Appellee.

**APPEAL FROM THE DISTRICT COURT OF SANTA FE COUNTY**
**Daniel A. Sanchez, District Judge**

Sommer, Udall, Sutin, Hardwick
& Hyatt, P.A.
William H. Lazar
Tesuque, NM

Sommer, Udall, Sutin, Hardwick
& Hyatt, P.A.
Kurt A. Sommer
Candice Lee
Santa Fe, NM

for Appellant

McClaugherty & Silver, P.C.
Joe L. McClaugherty
Santa Fe, NM

for Appellee

**MEMORANDUM OPINION**

**FRY, Chief Judge.**

Appellant appeals the denial of Appellant's motion for extension to file a notice of appeal. We issued a calendar notice proposing to affirm the decision of the district court, and we have received responses to the calendar notice from both parties. We have carefully considered Appellant's arguments, but we are not persuaded that affirmance is not the correct disposition. We therefore affirm.

Appellant sought an extension of time to file a notice of appeal from the district court's order awarding Appellee costs for the services of an expert. The award of costs was filed on November 12, 2009, making the deadline for filing the notice of appeal December 12, 2009. Appellant's counsel did not calendar the date for filing the notice of appeal, and realized on December 21, 2009, that a notice of appeal had not been filed and the deadline for doing so had passed. Appellant asked the district court for an extension under Rule 12-201(E)(2) NMRA, arguing that Appellee would not be prejudiced by the delay, the delay would have no effect on the proceedings, and there was no suggestion that Appellant acted in bad faith. Notably, Appellant's counsel did not argue that the notice was not timely filed due to circumstances beyond Appellant's control. Appellee did not file a response to the motion, but sent a letter to the district judge informing him that it could rule on the motion without a response,

and attaching a proposed order denying the motion. Appellee stated that no objection would be made if the judge wished to hold a hearing on the matter. The district judge did not hold a hearing, but denied the motion and entered the order prepared by Appellee.

Under Rule 12-201(E), if an extension of time is requested before the thirty-day period for filing a notice of appeal, the appellant need only show good cause, but if the thirty-day period has passed when the request is made, the appellant must demonstrate "excusable neglect or circumstances beyond the control of the appellant." As discussed in *Capco Acquisub, Inc. v. Greka Energy Corp.*, 2007-NMCA-011, ¶ 27, 140 N.M. 920, 149 P.3d 1017 (filed 2006), a party is generally bound by the actions of its attorney and claims of excusable neglect by separating an appellant's conduct from that of the appellant's attorney will fail. *Id.* ¶ 28. We review the district court's denial of Appellant's motion for abuse of discretion. *Id.* ¶ 25.

Appellant relies heavily on the test described in *Kinder Morgan C02 Co., L.P. v. State Taxation and Revenue Department*, 2009-NMCA-019, 145 N.M. 579, 203 P.3d 110. However, in *Kinder-Morgan CO2 Co.*, this Court's decision concerned Rule 1-060(B)(1) NMRA. We adopted the "excusable neglect" test outlined by Appellant in the memorandum in opposition "as the standard for relief under Rule 1-060(B)(1)." *Kinder Morgan CO2 Co.*, 2009-NMCA-019, ¶ 13. We held that "Rule

60(b)(1) does not condone careless or negligent attorney conduct by granting relief because of or based on acts of carelessness. Instead, Rule 60(b)(1) serves as a narrow exception empowering a court with the discretion to grant relief despite an attorney's carelessness." *Kinder Morgan CO2 Co.*, 2009-NMCA-019, ¶ 18. In *Capco Acquisub, Inc.*, we clarified that "excusable neglect" under Rule 12-201(E)(2), should be strictly construed, but "excusable neglect" under Rule 1-060(B)(1), should be liberally construed. 2007-NMCA-011, ¶ 27. We referred to the definition of "excusable neglect" as "something more than good cause" and pointed out that work overload or obvious errors by attorneys were not enough to establish "excusable neglect." *Id.* ¶¶ 25, 27.

In this case, Appellant's attorney failed to calendar the deadline for filing the notice of appeal. In other words, the notice was not timely filed due to attorney carelessness. This case does not involve circumstances beyond Appellant's control, and the conduct of Appellant's attorney does not amount to "excusable neglect." We hold that the district court did not abuse its discretion in denying the motion for extension of time. Furthermore, given the circumstances of the case, the district court did not err by failing to conduct a hearing on the motion.

**CONCLUSION**

For the reasons discussed above and in our calendar notice, we affirm the district court's ruling.

**IT IS SO ORDERED.**

_____

**CYNTHIA A. FRY, Chief Judge**

**WE CONCUR:**

_____

**JAMES J. WECHSLER, Judge**

_____

**LINDA M. VANZI, Judge**